NUMBER 13-08-00216-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JACK EUGENE WASHMON A/K/A
JACK EUGENE WASHBURN,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez

          Appellant, Jack Eugene Washmon a/k/a Jack Eugene Washburn, was convicted of
one count of possession of four grams or more but less than 200 grams of heroin, a first-degree felony,


 and two counts of possession of cocaine.


 The jury found that Washmon
was a habitual offender and assessed punishment of concurrent sentences of thirty-eight,
thirty-three, and twenty-five years' confinement respectively.


 By three issues, Washmon
contends that the trial court erred: (1) in denying his challenge for cause during voir dire;
(2) in admitting inadmissible hearsay; and (3) by denying his objection to the State's motion
to enhance punishment. We affirm.



I. Voir Dire
          By his first issue, Washmon contends that the trial court erred in denying his
challenge for cause of a veniremember who Washmon claims was biased as a matter of
law. Washmon argues that veniremember 26 "clearly stated that [Washmon's] 'drug
problem' would make her 'more bias [sic] against him'" and that veniremember 26 was not
rehabilitated.
To preserve error with respect to a trial court's denial of a challenge for
cause, an appellant must: (1) assert a clear and specific challenge for
cause; (2) use a peremptory strike on the complained-of veniremember; (3)
exhaust his peremptory strikes; (4) request additional peremptory strikes; (5)
identify an objectionable juror; and (6) claim that he would have struck the
objectionable juror with a peremptory strike if he had one to use.[


]

          Here, the record shows that Washmon asserted a clear and specific challenge for
cause against veniremember 26, used a peremptory strike against her, and exhausted his
peremptory strikes. However, Washmon neither identified a specific objectionable juror
to the trial court nor claimed that he would have struck that identified objectionable juror
with an additional peremptory strike.


 Therefore, Washmon has not preserved error. We
overrule Washmon's first issue.
II. Hearsay
          By his second issue, Washmon contends that the trial court improperly admitted
hearsay into evidence. Specifically, Washmon complains that after defense counsel
attempted to impeach the State's witness, David Rjasko, with statements from his police
report, the trial court erroneously allowed the State to read the entire report into the record
under the doctrine of optional completeness.
A. Relevant Facts
          During direct examination by the State, Rjasko testified that he observed Washmon
commit a traffic violation and relayed that information to other officers, who eventually
stopped Washmon; Rjasko assisted with the stop. According to Rjasko, he was informed
that, during the traffic stop, the officers found drug paraphernalia—a syringe. Rjasko
testified that Washmon consented to a search of his vehicle, and during that search,
Rjasko found contraband hidden inside a "speaker box" on the floorboard of the vehicle.
          While cross-examining Rjasko, Washmon's defense counsel read the following
portion of Rjasko's police report: "I then asked Arrestee No.1 for consent, verbal, to search
the vehicle. Arrestee No. 1 stated, 'Yes, you can search the vehicle.' After receiving verbal
consent from Arrestee, myself and S.O. LaRock began to search the vehicle." Defense
counsel then asked, "It appears clear, does it not, that that is the justification that you gave
for your search of the vehicle; isn't that correct?," and Rjasko responded, "I asked
[Washmon] for consent, sir, and [he] consented." Pursuant to the rule of optional
completeness, the trial court allowed the State to read the entire police report into the
record.
B. Standard of Review and Applicable Law
          We review a trial court's admission of evidence, including hearsay, under an abuse
of discretion standard.


 "The trial court abuses its discretion when its decision lies outside
the zone of reasonable disagreement."



          Hearsay statements are generally not admissible unless the statement falls within
a recognized exception to the hearsay rule.


 Police reports are barred by the rules of
evidence as inadmissible hearsay.



C. Analysis
          Hearsay evidence is accepted upon the question of probable cause to search,
where the issue is submitted to the jury, as in this case.


 At trial, Washmon argued that
the search of his vehicle had been conducted without consent or probable cause. In its
charge to the jury, the trial court instructed that unless the jury found "beyond a reasonable
doubt that the officer or officers acquired probable cause to search, or that they obtained
voluntary consent from [Washmon] to search" the vehicle, it should find Washmon "not
guilty." The jury was further instructed that the evidence obtained during the search could
not be considered by the jury if it did not find that there was probable cause or consent for
the search. Accordingly, portions of the police report were relevant for the limited purpose
of determining whether the search was conducted pursuant to probable cause.
          Furthermore, although the State read the remainder of Rjasko's police report into
the record, the evidence presented in the report was admitted, without objection,
elsewhere.


 Our review of the record reveals that the majority of the report related to
Rjasko's personal observations, which Rjasko testified to without objection before the State
read the report into the record. The remainder of the report included two hearsay
statements Rjasko attributed to LaRock. First, Rjasko wrote in the report that "[he] was
alerted by [La Rock] that [Rebecca Ramirez, a passenger in Washmon's vehicle,] had a
syringe loaded in her back pocket. LaRock testified, without objection, that he saw a
"loaded syringe . . . sticking out of the back of [Ramirez's] waistband."


 Next, Rjasko wrote
in his report that "[he] was alerted by [LaRock] that [Ramirez] stated that there were more
syringes in the vehicle." Ramirez testified, without objection, that she informed an
unknown officer that she had more syringes in the vehicle. LaRock testified that Ramirez
told him that she had "some more needles in her purse inside the vehicle." Because the
evidence presented in Rjasko's police report was admitted elsewhere, without objection,
even if it was error for the trial court to allow the State to read Rjasko's entire police report,
the error was harmless.


 We overrule Washmon's second issue.
III. Sentence Enhancement
          By his third issue, Washmon contends that he was denied his due process rights
when the trial court denied his objection to "the State's motion for enhancement." 
Specifically, Washmon argues that he did not receive adequate notice of the State's intent
to enhance punishment; that he was "surprised" by the late notice; and that he was harmed
by the trial court's ruling allowing the State to enhance his punishment.
A. Relevant Facts
          On March 17, at a pretrial hearing, the same day Washmon's trial began, the State
gave oral notice of its intent to enhance punishment based on a burglary of a habitation
conviction occurring in 1999, and a robbery conviction occurring in 2003. Washmon
objected to the notice claiming surprise and requested additional time to prepare his
defense because he claimed that he was unprepared to contest the enhancement
allegations. At this time, the trial court denied the State's request for enhancement.
          On March 19, after the jury found Washmon guilty, the State filed a written notice
of intent to seek enhanced felony punishment. Washmon again objected to the lack of
adequate notice, arguing that he needed more time to prepare his defense due to surprise
and requested at least a ten-day continuance. The trial court ruled that the State could
seek enhancement and denied Washmon's oral request for a continuance. The trial court
allowed the State to enhance Washmon's punishment.
          Washmon pleaded "not true" to both of the State's enhancement allegations. The
trial court admitted into evidence the two prior judgments against Washmon during the
State's case. Washmon testified on his own behalf, and during direct examination, he
admitted that he had been convicted of the two felonies as alleged by the State. The jury
found beyond a reasonable doubt that Washmon had previously been convicted of two
felonies and enhanced his punishment.
B. Applicable Law
          A defendant has a due process right to notice of the State's intent to seek an
enhanced sentence.


 The Texas Court of Criminal Appeals has held that "prior
convictions used as enhancements must be pled in some form . . . ."


 At a minimum, a
defendant is "entitled to a description of the judgment of former conviction that will enable
him to find the record and make preparation for a trial of the question of whether he is the
named convict therein."


 "The ultimate question is whether constitutionally adequate
notice was given" and "when a defendant has no defense to the enhancement allegation
and has not suggested the need for a continuance in order to prepare one, notice given
at the beginning of the punishment phase satisfies the federal constitution."



C. Discussion
          Here, the State provided oral notice of its intent to enhance punishment before the
guilt/innocence phase of the trial began and again provided written notice before the
punishment phase; therefore, Washmon knew of the State's intent to offer his prior felony
convictions for purposes of enhancement throughout the proceedings. "Under [the United
State's Supreme Court case,] Oyler [v. Boles


], due process does not even require that
the notice be given before the guilt phase begins, much less that it be given a number days
before trial."


 Although Washmon asked for a continuance, it was not sworn or written.


 
Moreover, Washmon generally stated that he needed a continuance to prepare a defense. 
However, there is nothing to suggest, and Washmon has not raised at trial or on appeal,
any defenses to the State's allegations.


 In fact, Washmon testified during the punishment
hearing that he had been convicted of the two prior felonies alleged by the State. Thus,
because Washmon received notice before the punishment phase began and does not
raise a defense to the enhancement allegations, the State provided the minimal notice
required to satisfy due process.


 We overrule Washmon's third issue.
IV. Conclusion
          We affirm.


                                                                                                                                     
                                                                                      LINDA REYNA YAÑEZ,
                                                                                      Justice

Do not publish. 
See Tex. R. App. P. 47.2(b).
Delivered and filed the 
29th day of April, 2010.